UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANTHONY D. AMAKER,

                Plaintiff,

    -against-

V. SCHIRALDI, Comm.; A. BERMUDEZ,
Asst. Comm.; G. KUZIW; P. BRENNAN,
Acting Comm.; T. TRACY, Deputy
Comm.; K. ARMSTRONG, Asst.
Comm.; T. LIZZIO; P. BELL; R. DIFIORE,
Asst. Comm.; R. LOSADA; J. SIMMONS; E.
COLLADO; A. REEDS; S. CHRISTIE; D.
GLEBOCKI; GOLDSMITH,

                Defendants.
-----------------------------------------------------------x

FILED
U.S. DISTRICT COURT E.D.N.Y.
★ APR 27 2016 ★
BROOKLYN OFFICE

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-4879 (CBA) (VMS)

**AMON, United States District Judge:**

On August 15, 2015, plaintiff Anthony D. Amaker, proceeding pro se, filed the instant complaint against the current and former employees of the New York City Department of Probation and the New York State Department of Corrections and Community Supervision for refusing to correct inaccurate information in his 1989 presentence report ("PSR") and his "institutional and parole files." (D.E. # 1 ("Compl.") ¶¶ 1–5.) He claims that in doing so defendants have violated his constitutional rights and seeks relief pursuant to 42 U.S.C. § 1981 and § 1983. (Id. ¶¶ 1, 23–25.) He seeks declaratory and injunctive relief as well as damages and costs. (Id. ¶¶ 1, 27–32.) Amaker's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted. For the reasons set for below, Amaker's claims for damages against the State defendants are dismissed with prejudice. His § 1981 claim and his claims for damages against certain City defendants are dismissed without prejudice and the Court grants him leave to amend those claims. His remaining claims may proceed as set forth below.

1

## BACKGROUND

The following facts are drawn from plaintiff's complaint and its attachments, the allegations of which are assumed to be true for purposes of this Order. Amaker is currently incarcerated at Otisville Correctional Facility. (Compl. ¶ 3.) Amaker alleges that his PSR and related "parole files" contain incorrect information regarding his criminal history. (Id. ¶ 5.) In 1981, Amaker was convicted of two counts of manslaughter and sentenced to two-to-six years imprisonment as a juvenile offender. (Id. ¶ 6.) Later, he was charged with violating his parole. (Id. ¶ 19.) Although "all charges were dismissed," he claims that these proceedings "exposed his youth status" and made his earlier conviction "appear as an adult conviction." (Id.) As a result, his PSR contains a number of statements that misrepresent his 1981 conviction as an adult conviction. (Id. ¶¶ 6–8.) According to Amaker, he filed an Article 78 petition in New York state court to correct the PSR and his petition was granted in 2012. (Id. ¶¶ 5, 26.) He alleges that the incorrect information continues to be in his record even after the Article 78 proceeding. (Id. ¶¶ 5, 14.)

Amaker claims the following groups were involved in or have the power to remedy the alleged violation of his rights: (1) V. Schiraldi,[1] A. Bermudez, P. Brennan, K. Armstrong, R. DiFiore, G. Kuziw, T. Lizzio, P. Bell, J. Simmons, and R. Losada, current or former employees of the New York City Department of Probation ("NYCDOP") (collectively the "City defendants"); (2) E. Collado, D. Glebocki, Goldsmith, A. Reeds, S. Christie, and Terence Tracy, who are employees of the New York State Department of Corrections and Community Supervision ("NYSDOCCS") (collectively the "State defendants").

---

[1] Amaker provides only the first initial for most defendants.

Amaker alleges that the City defendants have refused to correct his PSR. (Id. ¶¶ 8–9, 13.) He specifically alleges that Simmons, Bell, and Losada wrote the original PSR, (id. ¶¶ 5–6), and that Lizzio, Kuziw, and Schiraldi failed to file an amended PSR, (id. ¶¶ 5, 13). He further alleges that the State defendants used the incorrect information from his PSR to prepare reports for and testify at his parole hearings. (Id. ¶¶ 8, 10–11.) He specifically alleges that Tracy told the other defendants not to correct the information, (id. ¶ 10); Collado, Glebocki, and Goldsmith refused to correct the information, (id. ¶ 9); Glebocki and Collado used this information in parole board reports, (id. ¶¶ 10, 11); and Christie and Reeds repeated this information in front of the parole board, (id. ¶ 8). He argues that the State defendants' continued use of the inaccurate information had a prejudicial effect on his initial and second parole board appearances and violated his "Due Process and Equal Protection Rights of the U.S. Constitution 14th Amendment." (Id. ¶ 8; see also ¶ 23.)

Amaker seeks an injunction ordering the City and State defendants to correct his PSR and any other records they maintain "to reflect the existence of the juvenile offender status." (Id. ¶ 28.) Amaker also seeks compensatory damages of $100,000 and punitive damages of $100,000 against each of the named defendant "jointly and severally." (Id. ¶¶ 29–30.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." Upon review, a district court shall dismiss sua sponte any such complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir.

3

2007); see also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), mandates sua sponte dismissal of frivolous prisoner complaints).

At the pleadings stage, the Court must assume the truth of "all well-pleaded, non-conclusory factual allegations in the complaint." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). To avoid dismissal for failure to state a claim, a plaintiff must allege sufficient facts to enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Although a pro se complaint must contain sufficient factual allegations to meet this standard, it is held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Court is obliged to construe the pleadings liberally and interpret them as raising the strongest arguments they suggest. Abbas, 480 F.3d at 639.

## DISCUSSION

### I. Immunity

The Court first addresses whether the complaint seeks "monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2). The Eleventh Amendment "bars suits brought against an unconsenting state in federal courts 'by her own citizens as well as by citizens of another State.'" Tsirelman v. Daines, 794 F.3d 310, 313 (2d Cir. 2015) (quoting Edelman v. Jordan, 415 U.S. 651, 663 (1974)). "This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). As a result, "[a] suit generally may not be maintained directly against the State itself, or against an agency or department of the State, unless the State has waived its sovereign immunity." Fla. Dep't of State v. Treasure Salvors, Inc., 458 U.S. 670, 684 (1982). New York has not waived its

immunity to suits under § 1983 in federal court, see Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38–39 (2d Cir. 1977), and Congress has not abrogated that immunity, Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989). As an agency or arm of the State of New York, the NYSDOCCS and New York State Division of Parol ("NYSDOP"), agencies Amaker mentions in his complaint, are therefore immune from suit under the Eleventh Amendment. See Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002) (holding NYSDOCCS immune); McCloud v. Jackson, 4 F. App'x 7, 10 (2d Cir. 2001) (holding NYSDOP immune). Accordingly, to the extent Amaker's complaint can be construed as seeking relief from the NYSDOCCS and the NYSDOP, those claims are dismissed without leave to amend.

In addition to barring claims against states and state agencies, the Eleventh Amendment also bars "retroactive claims seeking monetary damages" against state officials. Tsirelman, 794 F.3d at 314 (citing Edelman, 415 U.S. at 663). "Employees of [NYSDOCCS] and its facilities, when sued in their official capacities have been held subject to the State's Eleventh Amendment immunity." Lyerly v. Phillips, No. 04 Civ. 3904 (PKC), 2005 WL 1802972, at *3 (S.D.N.Y. July 29, 2005) (citing Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002)). Amaker alleges that the State defendants are all current employees of the NYSDOCCS. (Compl. ¶ 4.) Accordingly, to the extent Amaker seeks compensatory or punitive damages from the State defendants acting in their official capacity, those claims are dismissed with prejudice. To the extent Amaker seeks compensatory or punitive damages from State defendants acting in their individual capacity, however, his claims are not barred by the Eleventh Amendment. See Ying Jing Gan v. City of New York, 996 F.2d 522, 529–30 (2d Cir. 1993) (holding "failure of a complaint to specify that claims against government officials are asserted against them in their individual capacities generally does not warrant an outright dismissal at the pleading stage").

The Eleventh Amendment does not bar claims for prospective injunctive relief against state officials acting in their official capacity. Tsirelman, 794 F.3d at 313–14 (citing Ex parte Young, 209 U.S. 123, 155–56 (1908)). "[W]hen a plaintiff sues a state official alleging a violation of federal law, the federal court may award an injunction that governs the official's future conduct." Pennhurst, 465 U.S. at 102–03. Personal involvement of an official sued in his official capacity is not necessary where the plaintiff is seeking only injunctive or declaratory relief. Davidson v. Scully, 148 F. Supp. 2d 249, 254 (S.D.N.Y. 2001). "Rather, actions involving claims for prospective declaratory or injunctive relief are permissible provided the official against whom the action is brought has a direct connection to, or responsibility for, the alleged illegal action." Id. (internal quotation marks and citation omitted). Amaker's claims for prospective injunctive relief, that is, the correction of his records, may therefore proceed against the State defendants who may have the authority to correct them. Since it unclear at this juncture to whom that authority belongs, the claim may proceed as to all State defendants.

In addition, to the extent Amaker's complaint seeks to recover against the City defendants for their participation in creating the original PSR, they are immune from a suit for damages. "New York probation officers . . . like federal probation officers, are entitled to absolute immunity from suits for damages" when they are sued for "preparing and furnishing [presentence] reports to the courts." Hili v. Sciarrotta, 140 F.3d 210, 214 (2d Cir. 1998). Amaker's only allegation against Simmons, Bell, and Losada is that their names were on the original PSR. Accordingly, the claims for damages against Simmons, Bell, and Losada are dismissed. In light of Amaker's pro se status, however, he is granted leave to file an amended complaint clarifying whether Simmons, Bell, and Losada were otherwise involved in the alleged violations.

## II. Merits

The Court next addresses whether the complaint "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). For the reasons stated below, his § 1981 claim is dismissed with leave to amend. His § 1983 claim may proceed as construed by the Court.

### A. Section 1981 Claim

Section 1981 provides that "[a]ll persons . . . shall have the same right in every State and Territory . . . to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). "To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute." Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993). Amaker has not alleged that he is a member of a racial minority or that any of the defendants discriminated against him on the basis of race. Amaker's only statement regarding § 1981 is that his complaint "is a civil rights action authorized by Title 42 U.S.C. §§ 1983, 1981." (Compl. ¶ 1.) Amaker therefore fails to state a claim under this section. In light of his pro se status, however, Amaker is granted leave to file an amended complaint alleging additional facts to establish whether defendants violated § 1981.

### B. Section 1983 Claim

Section 1983 "allows an action at law against a 'person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" Patterson v. Cnty. of Oneida, 375 F.3d 206, 225 (2d Cir. 2004)

7

(quoting 42 U.S.C. § 1983). "Section 1983 is not itself a source of substantive rights . . . [i]t merely provides a method for vindicating federal rights elsewhere conferred." Id. (internal quotation marks and citations omitted). "To avoid sua sponte dismissal of a § 1983 claim, a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of 'rights, privileges or immunities secured by the Constitution or laws of the United States.'" Milan v. Wertheimer, 808 F.3d 961, 964 (2d Cir. 2015).

Here, all defendants are employees of the State of New York or the City of New York and their actions taken in the course of their employment are "under color of state law." See West v. Atkins, 487 U.S. 42, 50 (1988) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.").

Amaker appears to allege that their conduct deprived him of his constitutional rights in three ways.

First, Amaker claims defendants violated his equal protection rights. (See Compl. ¶¶ 8, 20, 21, 23). In order to state a claim for an equal protection violation under § 1983, a plaintiff must allege "that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination." Phillips v. Girdich, 408 F.3d 124, 129 (2d Cir. 2005) (quoting Shaw v. Murphy, 532 U.S. 223, 225 (2001)). Such selective treatment must either be "based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person," Bizzarro v. Miranda, 394 F.3d 82, 86 (2d Cir. 2005) (quoting LeClair v. Saunders, 627 F.2d 606, 609–10), or there must be "no rational basis for the difference in treatment," id. (quoting Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)). Amaker alleges that he was treated differently than "other similarly situated

juvenile offenders" because his juvenile offense is currently "looked [on] as an adult" and that he has been "subjected to discrimination" because of the defendants' desire to "violate their own state statue providing confidentiality of the Division for Youth records, and . . . to dirty the plaintiff['s] reputation." (Compl. ¶¶ 20–21.) The Court construes these allegations as § 1983 claims for discrimination without a rational basis or on the basis of a bad faith intent to injure a person. This claim may proceed as so construed.

Second, Amaker claims defendants violated his right to privacy. (See Compl. ¶¶ 15, 19, 24.) Although there is "a recognized right to privacy in personal information . . . characterized as a right to 'confidentiality,'" see Doe v. City of New York, 15 F.3d 264, 267 (2d Cir. 1994), Amaker appears to be invoking his right to confidentiality under New York's law regarding youthful offenders rather than a broader right to privacy. Other courts in this Circuit have held that New York law gives rise to an "interest in non-disclosure of youthful offender information . . . predicated upon statutorily conferred expectations of privacy." Soucie v. Cnty. of Monro, 736 F. Supp. 33, 37 (W.D.N.Y. 1990) (citing N.Y. Crim. Prac. Law § 720.35(2)). Amaker alleges that his youthful offender records "are confidential," (Compl. ¶ 15), and that defendants' failure to correct his PSR and probation records violates his "right[] to confidential information remaining confidential," (id. ¶ 24). The Court liberally construes this as a claim that the defendants violated his right to confidentiality under New York law in violation of the Due Process Clause. This claim may proceed as so construed.

Third, Amaker argues that the City defendants' refusal to correct his PSR and the State defendants' continued use of inaccurate information at his parole hearings violates his rights under the Due Process Clause. (See Compl. ¶¶ 8, 21). The United States Supreme Court and the Second Circuit have held that there is no federal constitutional or statutory right to parole. Greenholtz v.

Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979); Berard v. Vt. Parole Bd., 730 F.2d 71, 75 (2d Cir. 1984). Although other circuits have recognized a limited due process right to have incorrect information expunged from a prisoner's file, see Paine v. Baker, 595 F.2d 197, 201–02 (4th Cir. 1979), the Second Circuit has not recognized such a right, see LaBounty v. Coombe, 208 F.3d 203 (2d Cir. 2000) (summary order), and New York's parole scheme does not create a liberty interest in parole, see Barna v. Travis, 239 F.3d 169, 171 (2d Cir. 2001). However, courts in this Circuit have recognized a limited liberty interest in "not being denied parole for arbitrary or impermissible reasons." See Boddie v. N.Y. State Div. of Parole, 285 F. Supp. 2d 421, 428 (S.D.N.Y. 2003) (internal quotation marks and citation omitted); Mathie v. Dennison, No. 06 Civ. 3184 (GEL), 2007 WL 2351072, at *6 (S.D.N.Y. Aug. 16, 2007). Amaker has not alleged that he was in fact denied parole on the basis of this information, but he has alleged that his parole hearing was delayed, (Compl. ¶ 13), and that he was otherwise prejudiced by this inaccurate information, (id. ¶ 8). Although it remains to be seen whether plaintiff can show that the parole board relied upon the information in a constitutionally significant manner, the Court liberally construes this as a claim that the defendants violated his due process right to not be denied parole for arbitrary or impermissible reasons. This claim may proceed as so construed.

To the extent Amaker seeks to recover monetary damages against Bermudez, Brennan, Armstrong, and DiFiore under § 1983, however, those claims are dismissed without prejudice. Although Amaker listed these defendants and explained that they are NYCDOP employees, (Compl. ¶ 4), he has not alleged that they were personally involved in the violations. As stated above, personal involvement is not required for a claim for injunctive relief: the defendant need only have the power to effect the injunctive relief requested. See Davidson, 148 F. Supp. 2d at 254. For claims for damages, however, personal involvement in the alleged constitutional

violation is a prerequisite to recovery of damages. Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."). Accordingly, Amaker's claims for damages against Bermudez, Brennan, Armstrong, and DiFiore must also be dismissed. In light of his pro se status, however, Amaker is granted leave to file an amended complaint describing defendants' personal involvement in the alleged deprivations of his rights.

## CONCLUSION

For these reasons, the following claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b): (1) claims against the NYSDOCCS and the NYSDOP; and (2) claims for compensatory and punitive damages against the State defendants acting in their official capacity.

The following claims are dismissed without prejudice: (1) claims for damages against Simmons, Bell, and Losada; (2) claims for damages against Bermudez, Brennan, Armstrong, and DiFiore; and (3) Amaker's § 1981 claim. Amaker is granted leave to file an amended complaint remedying the deficiencies identified above within thirty (30) days of the date of this Order.

Amaker's remaining claims for injunctive relief against the State defendants and his remaining claims for damages and injunctive relief against the City defendants may proceed. The Clerk of Court is directed to issues a summons for the City defendants: V. Schiraldi, A. Bermudez, P. Brennan, K. Armstrong, R. DiFiore, G. Kuziw, T. Lizzio, P. Bell, J. Simmons, and R. Losada. The United States Marshals Service is directed to serve the summons and complaint on the City defendants at the address provided by the plaintiff: New York City Department of Probation, 210 Joralemon Street, 10th Floor, Brooklyn, New York 11201.

As to the State defendants, plaintiff is directed to provide addresses for these defendants within thirty (30) days of the date of this Order. Amaker provides three different addresses for the State defendants: Green Haven C.F., P.O. Box 4000, Stormville, New York 12582; Otisville C.F., P.O. Box 8, Otisville, New York 10963; and 1220 Washington Avenue, Albany, New York 12226. (Compl. at ¶ 4.) Plaintiff must provide addresses for the State defendants: E. Collado, D. Gleblocki, Goldsmith, A. Reeds, S. Christie, and Terence Tracy. A summons will not issue and service upon them will not be ordered until plaintiff has complied with this Order.

The case is referred to the Honorable Vera M. Scanlon for pretrial supervision, including service of the defendants. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, in forma pauperis status is denied for purposes of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: April 26, 2016
Brooklyn, New York

/S/ Judge Carol Bagley Amon
Carol Bagley Amon
United States District Judge